Timothy M. Bechtold
Bechtold Law Firm, P.L.L.C.
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| CHARLES TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CHAD WOLF, Acting Secretary, United States Department of Homeland Security; and US Customs and Border Protection,<br><br>　　　　　Defendants. | **CV-20-39-M-DLC**<br><br><br>**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** |

**Introduction**

   Plaintiff Charles Taylor ("Officer Taylor") is a Customs and Border Protection officer stationed at the Roosville Port of Entry on the Montana border. Dkt#7 ¶26. Officer Taylor was injured off the job and received reasonable accommodations relating to his injury. *Id.* ¶¶29,31. Officer Taylor filed two equal employment

1

opportunity (EEO) complaints, *Id.* ¶¶11,14, and eventually filed this action in March 20, 2020, Dkt#1, and an Amended Complaint on July 21, 2020. Dkt#7.

The Court issued a show cause order, Dkt#8, after Officer Taylor filed his Amended Complaint, directing Officer Taylor to respond to the motion to dismiss the original Complaint or show cause why a response was not due. The government then moved to dismiss the Privacy Act claim and any claims predicated on Title VII in Officer Taylor's First Amended Complaint. *See* Dkt#10.

As a matter of course, filing an amended complaint moots a pending motion to dismiss. *Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1005 (9th Cir. 2015). This Court has taken the position contrary to this Ninth Circuit precedent that if "defects in the original motion remain" then the filing of an amended complaint does not moot a motion to dismiss. *See, e.g., Stamey v. Howell*, 2016 WL 7174613 *1 (D. Mont. Dec. 7, 2016). *Cf., e.g., Brunner v. Bawcom*, 2010 WL 3724436 *2 (D. Mont. Sept 15, 2010); *Crown Part and Machine, Inc. v. Con-Way Freights, Inc.,* 2008 WL 1734769 *2 (D. Mont. Apr. 14, 2008)(amended complaint filed after motion to dismiss but before responsive pleading complies with Rule 15(a); because "motion to dismiss relates to the original Complaint and the original Complaint is no longer operative, the motion to dismiss it is moot").

The government's first dismiss motion in this case, Dkt#3, argued for partial dismissal of Officer Taylor's claims. Count 1 of the original Complaint was a denial

of reasonable accommodation claim, Count 2 was an ADA claim, Count 3 was a hostile work environment claim, Count 4 was a reprisal claim, and Count 5 was a Privacy Act claim. The government argued that for Counts 1 and 3, Officer Taylor had not exhausted administrative process for Case 1 for Title VII purposes; for Count 2, that Officer Taylor could not state a claim under the ADA claim; and for Count 5 that Officer Taylor failed to exhaust administrative remedies for the Privacy Act claim and that the claim was regardless moot because CBP eventually gave Officer Taylor his records.

After the government's first dismiss motion, Officer Taylor filed an Amended Complaint. Dkt#7. Count 1 is a reasonable accommodation claim; Count 2 is a hostile workplace claim; Count 3 is a reprisal claim; and Count 4 is a Privacy Act claim. The Court then issued a show cause order, Dkt#8, after which the government moved to dismiss the Privacy Act claim and any claims predicated on Title VII in Officer Taylor's First Amended Complaint. *See* Dkt#10. It appears that the government's instant Motion to Dismiss is focused on the Amended Complaint, therefore Officer Taylor responds here to the government's request to dismiss certain elements of the Amended Complaint. This response to the pending motion is also Officer Taylor's response to the Court's show cause order, since this response addresses the factual issues raised by the government that appear to be the Court's concern.

**Argument**

1. **Privacy Act**

The Privacy Act requires agencies to provide timely access to an individual's records. 5 USC §552a(d)(1). The Act also prohibits disclosure of "any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 USC §552a(b). Here, Officer Taylor alleges that his records were provided to unauthorized individuals. Dkt#7 ¶132. Under the Privacy Act, the only possible authorized disclosure here is exception (b)(1) of the Act, "unless disclosure of the record would be (1) to those officers and employees of the agency which maintains the records who have a need for the record in the performance of their duties." 5 USC §552a(b)(1). Here, there was no need for the officers and employees of the agency who were provided access to Officer Taylor's records to have the records for the performance of their duties. Dkt#7 ¶¶92-166, 132. At the very least, it is a question of fact whether the officers and employees of the agency who were provided access to Officer Taylor's records needed those records in the performance of their duties.

The government argues here that the only remedy for a Privacy Act violation is for the agency to provide the records to the individual, and as soon as the records are provided, any action is moot and a court cannot afford any further relief. Dkt#10 at 5-6 (citing cases). The cases the government relies on deal with instances when agencies allegedly failed to provide records to the requesting individual, not – as alleged here – instances when the agencies provided access to an individual's records to persons unauthorized to have access to the records. Here Officer Taylor alleges that providing his records to unauthorized individuals violates both the Privacy Act and the rules promulgated pursuant to the Act adopted in the applicable collective bargaining agreement.

Section (g)(1)(D) of the Act clearly provides that whenever an agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." 5 USC §552a(g)(1)(D). Section (b) if the Act states that it unlawful to provide access to an individual's records unless the person authorizes it, or the persons with access need the records in the performance of their duties. To state a claim for relief under §552a(g)(4) here, Officer Taylor must show that Defendants violated §552a(b), the violation was intentional or willful, and the violation had an

adverse effect on Officer Taylor. *See* 5 USC §552a(g)(1)(D) and (g)(4); *Dick v. Holder,* 67 F.Supp.3d 167, 177 (D.D.C. 2014). Here Officer Taylor has alleged that persons without need or authorization were provided with deliberate access to his records. Officer Taylor has also alleged that he suffered damages from the unlawful disclosure of his records. Based on these allegations, the Privacy Act provides this Court with jurisdiction over his claim.

2. **Title VII**

Officer Taylor agrees that his claims in Count 2 and Count 3 cannot proceed under Title VII.

**Conclusion**

Officer Taylor's reasonable accommodation claim, hostile workplace claim; and reprisal claim should all proceed to a decision on the merits of the claims. Moreover, this Court must allow Officer Taylor's claims for unlawful disclosure under the Privacy Act to proceed. At the very least, a question of fact remains whether any exception applies, whether the conduct was intentional, and whether Officer Taylor has actual damages.

DATED this 27th day of August, 2020.

/s/Timothy M. Bechtold
Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 1,173 words excluding the caption and certificate of compliance.

/s/Timothy M. Bechtold