IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLES TAYLOR, <br><br> Plaintiff, <br><br> vs. <br><br> CHAD WOLF, Acting Secretary, United States Department of Homeland Security; and U.S. Customs and Border Protection, <br><br> Defendants. | CV 20–39–M–DLC <br><br><br> ORDER |

Before the Court are Defendants' motions to dismiss. (Docs. 3; 9.) On June 23, 2020, Defendants moved to dismiss Plaintiff Charles Taylor's ("Mr. Taylor") complaint. (Doc. 3.) Before responding to this motion (Doc. 3), Mr. Taylor filed an amended complaint. (Doc. 7.) Defendants subsequently moved to dismiss the amended complaint. (Doc. 9.) For the reasons stated herein, Defendants' first motion (Doc. 3) will be denied as moot and their second motion (Doc. 9) will be granted.

**BACKGROUND**

This lawsuit stems from an employment dispute between the United States Custom and Border Protection and its employee, Mr. Taylor. (*See generally* Doc. 7.) Mr. Taylor alleges that has been subjected to unlawful employment

1

discrimination after sustaining a spinal injury while off-duty in March of 2012. (*Id.* at 6–24.) Specifically, Mr. Taylor asserts the following claims in his amended complaint: (1) unlawful discrimination in violation of the Rehabilitation Act of 1973; (2) unlawful hostile and abusive work environment in violation of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964; (3) unlawful retaliatory conduct in violation of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964; and (4) unlawful failure to provide access to records and dissemination of records in violation of the Privacy Act of 1974. (*Id.* at 24–27.)

Mr. Taylor commenced this action on March 20, 2020. (*See generally* Doc. 1.) As noted above, Defendants moved to partially dismiss Mr. Taylor's original complaint under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3.) Instead of responding to this motion to dismiss, Mr. Taylor filed an amended complaint on July 21, 2020. (Doc. 7.) Defendants have now moved to partially dismiss this amended complaint under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) The Court now resolves both motions.

## STANDARD

The Federal Rules of Civil Procedure authorize a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim. Fed. R. Civ. P.

12(b)(1), (6). "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). This notion is derived from the United States Constitution itself, which limits the Court's subject matter jurisdiction to justiciable "cases" or "controversies." U.S. Const., Art. III, § 2. The federal courts' limited jurisdiction "is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009) (internal citations omitted).

As such, it is incumbent upon this Court to ascertain whether subject matter jurisdiction exists before analyzing the merits of a litigant's claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Indeed, this Court is to presume it is without jurisdiction to hear a case until a contrary showing is made. *Stock West, Inc. v. Confederates Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Subject matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). This includes underlying concepts such as mootness. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Rule 12(b)(1) motions can level either facial or factual attacks. *Id.* Facial attacks, such as the one asserted here, contend that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for*

3

*Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Facial attacks on a Court's subject matter jurisdiction are resolved in precisely the same manner as those brought under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In both instances, this Court must take plaintiff's well-pleaded allegations as true, "drawing all reasonable inferences in the plaintiff's favor" before concluding whether "the allegations are sufficient as a legal matter to invoke the court's jurisdiction" or state a cognizable claim for relief. *Id.*; *see also Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). It is under this standard that the Court proceeds.

## ANALYSIS

### I. Defendants' First Motion to Dismiss.

As a threshold matter, the Court must determine the status of Defendants' motion to dismiss Mr. Taylor's original complaint. (Doc. 3.) After Mr. Taylor filed his amended complaint, this Court ordered him to either respond to the original motion (Doc. 3) or show cause as to why no response is required. (Doc. 8.) Mr. Taylor responded that the original motion is now moot by virtue of the filing of his amended complaint. (Doc. 11 at 2–3.) Defendants agree that their first motion to dismiss was rendered moot upon Mr. Taylor's filing of his amended complaint. (Doc. 12 at 2.)

This Court agrees that because Defendants' motion to dismiss (Doc. 3) targeted Mr. Taylor's original complaint (Doc. 1), the filing of an amended complaint rendered it moot to the extent it challenged the original complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Contrary to Mr. Taylor's assertion, however, this conclusion is not in conflict with the Court's prior jurisprudence on the issue. Instead, the cases cited by Mr. Taylor stand for the proposition that a motion to dismiss leveling challenges to a complaint need not be renewed if such challenges apply equally to the amended complaint. *Stamey v. Howell*, 2016 WL 7174613, *1 (D. Mont. 2016) (CV 16–23–M–DLC).

In such a situation, the Court may simply treat the motion to dismiss as having been leveled against the amended complaint. 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476, 638 (3d ed. 2005) (noting that if "some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading"). Here, however, Defendants themselves consider their original motion (Doc. 3) to be moot and note that their second motion was filed to target the amended complaint. (Doc. 12 at 2.) As such, the Court will deny Defendants' first motion to dismiss on the basis that it is moot and limit its analysis to the issues raised in the second motion.

5

## II.     Defendants' Second Motion to Dismiss.

### A.     Subject Matter Jurisdiction.

Defendants move to partially dismiss the fourth count of Mr. Taylor's amended complaint on the basis that it is moot. (Doc. 10 at 5.) Specifically, Defendants contend that to the extent Mr. Taylor asserts a claim under the Privacy Act of 1974 for failure to provide him with access to certain records, such a claim is moot because the records were ultimately provided. (*Id.* at 5–7.) In response, Mr. Taylor does not seem to contest that to the extent this claim is based on untimely disclosure of records, it is moot. (Doc. 11 at 4–6.) Instead, Mr. Taylor maintains that his fourth claim not only complains of untimely fulfillment of a records request, but also alleges that his records were disclosed to unauthorized parties. (*Id.*). Consequently, to the extent his claim rests on the alleged unauthorized dissemination of his records, Mr. Taylor maintains it falls within the Court's subject matter jurisdiction. (*Id.* at 6.)

This Court lacks subject matter jurisdiction over moot claims. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* (internal citations omitted). If this Court is unable to

afford relief for a particular claim, it "is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999).

The Privacy Act of 1973 requires "[e]ach agency that maintains a system of records" to provide an individual with access to his records upon request. 5 U.S.C. § 552a(d)(1). The Act further prohibits the unauthorized disclosure of records falling within its scope. *Id.* § 552a(b). Congress has authorized the filing of a civil action if the foregoing provisions are violated. *Id.* § 552a(g)(1). But, "particular violations of the Act" are linked "to particular remedies in a specific and detailed manner." *Cell Assocs., Inc. v. National Insts. of Health*, 579 F.2d 1155, 1157–58 (9th Cir. 1978). Accordingly, this Court must assume "Congress intended to do what it did" and cannot "expand the coverage of the [Act] to subsume other remedies." *Id.* at 1159.

For actions based on unauthorized disclosure, damages may be recovered. 5 U.S.C. § 552a(g)(4). For actions based on the refusal to provide access, however, a claimant's remedies are limited to injunctive relief, enjoining "the agency from withholding the records and order[ing] the production to the complainant of any agency records improperly withheld from him." *Id.* § 552a(g)(3)(A). Because of this limited injunctive remedy for access violations, "[w]hen a party . . . has already received a copy of the requested records" no further relief can be afforded,

and the claim becomes moot. *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 414 n.4 (9th Cir. 2009).

In this case, Mr. Taylor's claims under the Privacy Act of 1973 are two-fold. First, Mr. Taylor alleges Defendants "failed to provide [him] with timely access to his records." (Doc. 7 at 27.) Second, Mr. Taylor alleges Defendants "unlawfully provided access to [his] records to unauthorized and unnecessary individuals." (*Id.*) With respect to Mr. Taylor's first claim of liability, the face of his amended complaint makes clear that, although encountering resistance at first, he has ultimately been provided with access to all records he has requested. (*Id.* at 19, 22.) As such, to the extent Mr. Taylor's fourth claim alleges access to his records has been withheld, it is moot and falls outside of this Court's subject matter jurisdiction. Defendants' motion to dismiss on this issue will be granted.[1]

### B. Failure to State a Claim.

Defendants move to partially dismiss Mr. Taylor's second and third claims to the extent they are predicated on Title VII of the Civil Rights Act of 1964. (Doc. 10 at 7.) Mr. Taylor "agrees that his claims in Count 2 and Count 3 cannot proceed under Title VII." (Doc. 11 at 6.) The Court concurs as well, because Title VII only prohibits employment discrimination based on "its enumerated grounds:

---

[1] To be clear, and as the parties apparently agree, Mr. Taylor's fourth claim survives to the extent it alleges unauthorized disclosure of his records and seeks relief for the damages caused by such dissemination.

race, color, religion, sex, or national origin." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000); *see also* 42 U.S.C. § 2000e-2(a)(1). Disability discrimination, which is the focal point of Mr. Taylor's amended complaint, is not protected by Title VII. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 853 n.3 (9th Cir. 2016). As such, to the extent Mr. Taylor's second and third claims allege violations of Title VII, they are dismissed.[2]

Accordingly, IT IS ORDERED that Defendants' motion to partially dismiss Mr. Taylor's complaint (Doc. 3) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' motion to partially dismiss Mr. Taylor's first amended complaint (Doc. 9) is GRANTED. To the extent Mr. Taylor's second and third claims allege violations of Title VII of the Civil Rights Act of 1964 and his fourth claim complains of a violation of 5 U.S.C. § 552a(d)(1), they are DISMISSED.

DATED this 5th day of October, 2020.

_____
Dana L. Christensen, District Judge
United States District Court

---

[2] The parties agree that, to the extent Mr. Taylor's second and third claims rest on purported violations of the Rehabilitation Act of 1973, they remain unchallenged.